


# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 CR 516 - 2 & 3 | **DATE** | 10/15/2001 |
| **CASE TITLE** | United States of America vs. James R. Skrzypek et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. The motions numbered 106, 109, and 111 are granted. The motions numbered 107, 112, and 156 are denied. The motions numbered 108, 110, and 146 are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 16 2001 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | docketing deputy initials | 162 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 01 OCT 16 AM 10: 57 | date mailed notice |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) No. 97 CR 516 | **DOCKETED** |
| | ) | OCT 1 6 2001 |
| JAMES R. SKRZYPEK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Defendants James and Janice Skrzypek have filed or adopted a number of motions, many of which have been overtaken by events. That is, this has been a totally open file case from the start, with the result that defendants have obtained considerably more discovery than this court could otherwise require.

1. The motion for immediate disclosure of favorable evidence and timely production of witness statements is denied as moot, all the requested material having been produced.

2. The motion for disclosure of expert testimony and facts or dates upon which expert testimony will be based is denied as moot. The government has made its one expert available to defendants and has made and will continue to make available drafts of the summary testimony and supporting documentation. Defendants have a reciprocal obligation to disclose their expert witness materials.

3. The motion for preservation of agents' notes is denied as moot, the government having agreed to preserve those notes.

4. The motion for timely production of Rule 404(B) material is denied as moot, the government having represented that it will provide notice of the limited 404(B) material it intends to introduce in its case in chief well before trial. Defendants are not entitled to

disclosure of such evidence that may be used for cross examination or rebuttal, except that it should advise defendants' counsel and the court of its intent to do so at the time of trial, thus permitting any objections to be ruled upon prior to introduction.

5. The motion to compel the prosecution to retain and produce the original tapes and recording devices used to record the conversations of the defendants in this cause is, in part, denied as moot, as the government has largely acceded to defendants' requests. The only remaining issue is whether defendants should be permitted to conduct chemical tests on two original tapes. We adopt the government's suggestion that defendants' expert may conduct tests on the original tests so long as defendants agree that if the expert damages any tapes during testing such that the government cannot itself conduct followup tests, then a duplicate of the original shall be considered as the original and its authenticity cannot be called into question at trial.

6. The motion for early return of trial subpoenas is granted. It shall be applicable to both government and defendants, and any production shall be available to both.

7. The motion to sever is denied. We think the government has sufficiently demonstrated that the charges relate to an alleged common scheme, as more fully described in its October 12, 2001 consolidated responses. The number of counts and the length of the indictment are very substantial. We believe, however, that the alleged fact patterns and their interrelationships are such that their joint trial will be manageable and well within a jury's ability to follow the evidence, comprehend and decide.

8. The motion to dismiss counts 5, 73, 122, 123, 124 and 125 is denied for the reasons stated in the government's October 12, 2001 consolidated response.

9. The motion to dismiss the indictment is denied. True it is that it is an abuse of the

grand jury process to use the grand jury to gather evidence for or further investigate causes that were previously indicted. But there is no indication of that here. The government has changed the wording of some counts without changing their substance and it has added counts aimed at conduct since the original indictment. Neither suggests any abuse of the process.

10. The motion to adopt co-defendants' motions is granted, and we have ruled upon them. The motion is otherwise moot as there are no other independent defendants actively participating in the case.

11. The motion for leave to file subsequent motions, filed September 30, 1999, is granted, and we have ruled upon all subsequent motions.

Finally, there apparently remains a pending motion to require the government to submit a <u>Santiago</u> proffer in advance of trial. We are uncertain of the status of that motion. If the government intends to introduce co-conspirator statements it should submit a written proffer well in advance of trial.

James B. Moran
JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 15, 2001.